STATE EX REL. JOHN T. MORAN *v.*
FRANK L. WASHBURN ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 21967
AT WATERBURY

Memorandum filed February 17, 1955.

*Victor M. Gordon* and *Benjamin M. Chapnick,* both of New Haven, for the plaintiff.

*Luke H. Stapleton,* of Cheshire, for the defendants.

DEVLIN, J. This is an action in the nature of quo warranto in which the relator, hereinafter referred to as the plaintiff, seeks to test the legality of the appointment of the police commissioners, the chief of police and a patrolman in the town of Cheshire.

On May 27, 1954, at a special town meeting, the following resolution was adopted: "Be It Resolved: That a police commission be established for the Town of Cheshire for the purpose of organizing and maintaining a police department in said town in accordance with Section 656 to Section 661, inclusive as amended or as the same may be amended, of the General Statutes of the State of Connecticut, revision of 1949. a. Such Board shall consist of five electors, all of whom shall be resident taxpayers of said Town. At the next election the town shall elect two members of such Board to serve for a term of

two years, and three members to serve a term of four years, and that each biennial election thereafter, a member shall be elected for a term of four years to succeed each member whose term has expired."

The board of selectmen held a meeting on June 5, 1954, and the minutes disclose: "The following were appointed Police Commissioners from the 5th day of June 1954 until the next Town Election in October 1955: Richard Carroll, James H. Darcey, Robert J. McCormack, R. Blake Russell, Frank L. Washburn." Subsequent to this, and about October 4, 1954, the board appointed the respondent John McNamara as chief of police, and thereafter he appointed respondent Vincent Maddaloni, Jr., to act as policeman and patrol officer of the town.

The plaintiff claims the action taken by the town meeting on May 27, 1954, in establishing a board of police commissioners, was null and void and of no force and effect because it was based on General Statutes, §§ 656-658, which had been repealed a year prior to the meeting. It is also claimed that the action of the board in appointing the chief of police under General Statutes, § 517, was void for the same reason and also that no vacancy had ever existed within the meaning of the statute. The respondents claim the statutes in question, §§ 656, 657 and 658, were never repealed but were in fact amended by §§ 207c, 526c and 208c of the 1953 Supplement to the General Statutes.

The call for the special town meeting referred to the establishment of a police commission for the purpose of organizing and maintaining a police department in said town, "in accordance with Section 656 to Section 661, inclusive, *as amended, or as the same may be amended,* of the General Statutes of the State of Connecticut, revision of 1949." The first question presented is whether General Statutes,

§§ 656, 657 and 658, were repealed by §§ 209c of the 1953 Supplement to the General Statutes or whether §§ 207c, 526c and 208c are simply amendments. Section 209c is very specific. It states: "Sections 656 to 658, inclusive, are repealed. (Effective May 14, 1953)."

It is a well-established principle that a valid legislative enactment which contains an express provision repealing a particular act or a part of an act is effectual to establish a repeal of the law it describes. The chief value of an express repeal is the fact that it generally leaves no uncertainty as to whether the statutes or parts of statutes designated have been repealed. 1 Sutherland, Statutory Construction (3d Ed.) § 2008. Respondents claim that this does not apply where similarly worded statutes are enacted at the same time; that this came about through an act passed in 1951 authorizing the secretary of state to recodify certain election laws; that the codification did not change the law but simply arranged the sequence and omitted some obscure language in an attempt to clarify the sections involved; that what in form looked like a repeal was in fact merely an amendment; and that if the contention of the plaintiff is correct any police commission created under this section would likewise be illegally created and the legislature could never have intended to dissolve commissions established since 1949. The plaintiff denies these claims and contends there was a complete change in the law of a substantial nature and there was also a repeal by implication.

It is a familiar rule that when a later statute is exclusive, that is, when it covers the whole subject to which it relates, it will be held to repeal by implication all prior statutes on the matter, whether they are general or special. *Hutchison* v. *Hartford,* 129 Conn. 329, 332; *State* v. *Maioffes,* 118 Conn. 199,

201; *Walsh* v. *Bridgeport,* 88 Conn. 528, 534. Especially is this true where the later statute is necessarily repugnant to the former. *Lake Garda Co.* v. *LeWitt,* 126 Conn. 588, 589. This occurs when both cannot be reconciled or reasonably construed together. *Leete* v. *Griswold Post,* 114 Conn. 400, 405; *State* v. *Giant's Neck Land & Improvement Co.,* 116 Conn. 119, 122.

Reading § 656 with § 207c, it is apparent that they cannot be reconciled. The former permits the raising of a board of police commissioners of either three, five or seven members. And only in the case of a five-member board is there any provision for an election, and there is some doubt whether that is mandatory. So that it was possible to have an entirely appointive board as the law existed prior to May 14, 1953. Under the latter section, enacted in 1953, the board must be elected at the next election following such action under § 207c. There is no question under this section that any board established had to be an elective one. This is sufficient to establish the inconsistency necessary for the application of the implied repeal doctrine, and since it amounts to a change in the substantive law the claim of recodification does not apply. To the claim that such a construction would dissolve boards previously established, the answer is that the statute is not retroactive.

The second claim advanced by the plaintiff is that even though the change in law be construed as an amendment, the board of selectmen had no power to make an appointment, since § 526c specifically provides that the board members shall be elected. The answer of the respondents to this is the power given the selectmen under § 544c, which provides: "If any town office in any town is vacant from any cause, such town, if such office is elective, may, except as otherwise provided by law, fill the vacancy at the

next town election or at a special election called for such purpose . . .; but, until such vacancy is so filled, it shall be filled by the selectmen." It is the claim of respondents that upon the creation of the board of police commissioners there existed a vacancy which the selectmen had the power to fill by virtue of this statute.

The general rule seems to be that when a law establishing an office takes effect a vacancy in the office at once exists, unless the language of the law imparts futurity of selection or unless other restrictions are imposed. 42 Am. Jur. 978, § 134. Where no time is fixed by the statute, the term of office begins, in the case of elective offices, on the day of election. 67 C.J.S. 199.

The statute here is very specific about the time the board is to start functioning, for it states in § 207c that the town meeting may establish a board "to be elected in accordance with the provisions of section 536c," and this is to take place, under the latter section, "at the next election . . . following action under section 207c." Thus it would seem that no vacancy existed for which an appointment could be made. Especially is this true under § 544c because of the limitation of power contained in the words "except as otherwise provided by law." It should also be noted that in the case of a vacancy in any town elective office notice must be given to the secretary of state within five days thereafter. § 545c. No evidence on this point was submitted.

In this type of proceeding the burden is upon the respondents to establish a legal right to the offices in dispute. *State ex rel. Eberle* v. *Clark,* 87 Conn. 537, 541. Sufficient evidence has not been produced by the respondents to satisfy this burden, and judgment may be rendered in favor of the plaintiff relator.