JOHN T. MORAN ET AL. *v.* FRED W. BENS ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 9—decided November 6, 1956

*Benjamin M. Chapnick,* for the appellants (plaintiffs).

*Richard T. Mokrzynski,* for the appellees (defendants).

BALDWIN, J. The plaintiffs, taxpayers in the town of Cheshire, sought a judgment in the Superior Court declaring "An Act Establishing a Police Department in the Town of Cheshire" (27 Spec. Laws 52) unconstitutional and void and that all action taken pursuant to it was illegal. They asked for an injunction to restrain the police commissioners and the police officers appointed by the commissioners from doing anything further and to restrain the selectmen and the town treasurer from paying out any town funds in consequence of this legislation. The court rendered a judgment which in effect sustained the legality of the legislation and the proceedings taken by reason of it, and the plaintiffs have appealed.

The facts are not in dispute. In May, 1954, the town of Cheshire, presuming to act under General Statutes §§ 656-661, in a special town meeting raised a police commission, and the selectmen appointed the members of it pending the next town election. The commission appointed police officers. In an action in the nature of quo warranto, the Superior Court pointed out that §§ 656-658 had been repealed in 1953 (Cum. Sup. 1953, §§ 207c-209c, 526c; Cum. Sup. 1955,

§§ 260d-262d, 682d) and on February 17, 1955, ordered a judgment entered which rendered ineffectual the action of the town meeting and everything done in consequence thereof. *State ex rel. Moran* v. *Washburn,* 19 Conn. Sup. 316, 112 A.2d 897. Despite this judgment, the board of finance held a duly advertised public hearing on February 28, 1955, on the proposed town budget, which included an appropriation for a police department. The budget approved by the board, including a proposed appropriation for the remainder of the fiscal year ending August 31, 1955, and for the fiscal year beginning September 1, 1955, was approved by the annual adjourned town meeting on March 14, 1955. At a special town meeting immediately following the adjourned annual meeting, resolutions were adopted upon the recommendation of the board to transfer appropriations for the police department in the 1954 budget to a new account and to approve all expenditures made theretofore for police protection. The General Assembly at its 1955 session enacted special legislation pertaining to a police department in Cheshire and validated the action taken by the board of selectmen on June 5, 1954, in appointing a board of police commissioners to hold office until the town election on the first Monday of October, 1955. This legislation was approved on April 5, 1955. 27 Spec. Laws 52. The Republican party conducted a caucus on September 8, 1955, for the purpose of nominating candidates, among others, for the offices of police commissioners, to be voted on at the subsequent town election as the special legislation directed. A motion was adopted that in the event of a contest for nominations for any office the vote be taken by paper ballot, but no check list was used in the subsequent balloting. At the town election on the first Monday of

October, 1955, three Republicans and two Democratic nominees were elected to the board of police commissioners. Meantime, following February 17, 1955, the chief of police appointed by the board of police commissioners and the officers under him acted as the police officers of the town, and the selectmen and town treasurer expended town funds to maintain this police department.

We shall consider first the plaintiffs' claim that § 207c of the 1953 Cumulative Supplement, now § 260d, relating to the establishment of police departments in the several towns, prevails over the special act (27 Spec. Laws 52) authorizing the establishment of a police department in Cheshire. Towns are creatures of the General Assembly. *Sanger* v. *Bridgeport,* 124 Conn. 183, 188, 198 A. 746, and cases cited. The legislature may adopt general legislation dealing with a particular matter and later confer upon a town power to act in a special and different way. *Southern New England Ice Co.* v. *West Hartford,* 114 Conn. 496, 509, 159 A. 470; *State ex rel. Wallen* v. *Hatch,* 82 Conn. 122, 124, 72 A. 575. The general statute relating to the creation of local police departments, § 207c, became effective on May 14, 1953. The special legislation relating to Cheshire which is here challenged was enacted by the General Assembly in 1955, was approved April 5, 1955, and became effective on that date. General Statutes § 8891. When expressions of the legislative will are irreconcilable, the latest prevails. *Bisi* v. *American Automobile Ins. Co.,* 137 Conn. 424, 431, 78 A.2d 533; *Tuohey* v. *Martinjak,* 119 Conn. 500, 507, 177 A. 721. In enacting this special legislation, the General Assembly did no more than to empower the town, within its own territorial limits, to provide police protection in a special manner, and to make legal

what had been done through mistake. Its reasons for doing so are its own, and its legislative enactments cannot be successfully challenged in the courts unless they are clearly beyond the grant of legislative power conferred by the constitution or are so arbitrary and unreasonable as to constitute an abuse of the powers conferred. *Cyphers* v. *Allyn,* 142 Conn. 699, 705, 118 A.2d 318. We conclude on this claim that the legislation was valid.

The plaintiffs assert that the special legislation violates constitutional principles of equal protection of the laws and due process because it attempts to put life into something which the court had declared, in *State ex rel. Moran* v. *Washburn,* 19 Conn. Sup. 316, 112 A.2d 897, was legally dead. To restate the situation briefly, the town had acted in compliance with statutes which had been repealed. The fault was not that the town acted without any power whatsoever to establish a police department. It could have created a local police department under the provisions of §§ 207c and 208c. Instead, it proceeded, mistakenly, under §§ 656-658, which had been superseded by the 1953 enactment. There was not a lack of authority to act at all, but rather an attempted exercise of authority in an unauthorized fashion. The law is well established in this state that invalidity which comes about in this manner may be cured retrospectively by appropriate legislation. *Regional High School District No. 3* v. *Newtown,* 134 Conn. 613, 619, 59 A.2d 527; *West Hartford* v. *Thomas D. Faulkner Co.,* 126 Conn. 206, 212, 10 A.2d 592. The plaintiffs take nothing by this claim.

The plaintiffs contend that the nominations of the Republican candidates for the office of police commissioner were illegal because the names of the electors offering to vote on such nominations were

not given to the clerk or secretary of the caucus and checked on the enrolment lists of the caucus. Section 461c of the 1953 Cumulative Supplement provided that at any caucus or primary called for the nomination of candidates for elective office the chairman of the caucus should, on the receipt from any person lawfully participating in the caucus of a written motion calling for a vote by ballot on any candidate, submit the motion to a rising vote. If fifteen electors present and legally entitled to participate in the caucus voted in favor of the motion, the vote on the nomination was to be by ballot. Before any ballot was deposited, the name of the elector offering to vote was to be given to the clerk or secretary of the caucus and checked on the enrolment list. To inaugurate this process a written motion was necessary. Since it does not appear that any such written motion was offered, checking the name of the electors offering to vote against the enrolment list was not required.

There is another cogent reason why this claim is futile. At no time prior to the election at which the nominations were balloted on did these plaintiffs or anyone else make objection. No fraud or misrepresentation is charged. If, as is claimed by the plaintiffs, the lack of a written motion for vote by ballot did not obviate the need for using a check list when the vote was by ballot, to vitiate the nominations because the names were not checked would disenfranchise the voters who cast their ballots at the subsequent election in reliance upon the validity of the nominations made. Under similar circumstances, courts have held the provisions of statutes such as § 461c to be merely directory and that noncompliance through ignorance or honest mistake does not impair the election of those nominated. *Flanagan* v.

*Hynes,* 75 Conn. 584, 588, 54 A. 737; 29 C.J.S. 211, § 141; 18 Am. Jur. 263, § 131.

There is no error.

In this opinion the other judges concurred.