STATE EX REL. PERRY J. SLOANE ET AL. *v.* THOMAS REIDY ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued November 4, 1964—decided February 25, 1965

*Walter M. Pickett, Jr.,* for the appellants (defendants).

*William J. Secor, Jr.,* with whom was *Kenyon W. Greene,* for the appellees (plaintiffs).

COMLEY, J. In this proceeding in the nature of quo warranto, the plaintiffs, as residents and taxpayers of the city of Waterbury, challenge the validity of certain provisional promotions of policemen and firemen made by the boards of police commissioners and fire commissioners. The plaintiffs' attack is based principally on the ground that pro-

visional appointments made, as these were, without the approval of the director of personnel, violate the civil service system amendment of the city charter. The defendants answer this attack by claiming, in the alternative, either that the whole amendment is invalid or that, if it is valid, it has no application to them.

The finding, which is not subject to correction, recites the following facts: In September, 1961, a charter revision commission was appointed by the board of aldermen with instructions to consider an amendment to the charter establishing a merit system for city employees. Such an amendment was prepared and sent to the board of aldermen, which approved it and voted that it be submitted to the electors of the city in November, 1962. This action was vetoed by the mayor. This veto was subsequently held invalid by this court in *Sloane* v. *Waterbury*, 150 Conn. 24, 183 A.2d 839. The basis of our decision was that the only procedure now contemplated by our law for the local amendment of city charters is contained exclusively in the so-called Home Rule Act (General Statutes, c. 99), which contains no provision for such a veto. Following that decision, the civil service system amendment was approved by the electors on November 6, 1962.

The amendment states that the civil service commission shall adopt rules and regulations which shall provide for provisional and emergency appointments without examination. Such rules and regulations are subject to disapproval by a two-thirds vote of the board of aldermen. Provisional appointments may be made only with the concurrence of the director of personnel. On September 27, 1963, the commission adopted a regulation which

provides that all appointments and promotions to positions in the classified service made after September 27, 1963, are provisional appointments. This regulation has not been disapproved by the board of aldermen of Waterbury. One week later, the defendants herein received promotions which were made without the concurrence or approval of the director of personnel. The defendants assumed their newly appointed positions, and this action challenging their right to the positions was instituted.

The case was initially tried on the theory that the amendment was authorized by a section of the Home Rule Act. General Statutes § 7-194 (56). The court originally rendered judgment for the defendants. The plaintiffs' motion to open the judgment was granted on the ground that the plaintiffs should have an opportunity to make the claim, not advanced at the original trial, that the city charter itself conferred the power to amend. The court then concluded that the charter did authorize the amendment in question, that the charter has not been repealed by the Home Rule Act, that the procedure for the adoption of the amendment set out in the Home Rule Act was adhered to, and that these defendants were within the classified service of the city of Waterbury. Further, it was concluded that under the regulations of the civil service commission the appointments were provisional and that there was not the required concurrence by the director of personnel. Thus, the trial court held the promotions illegal, being contrary to the provisions of the civil service system and a valid regulation of the commission. A supplemental judgment was then rendered in favor of the plaintiffs.

The Waterbury charter provides that the munic-

ipality may amend the charter "[t]o provide for . . . a board of civil service and the removal of any officer or employee of any department, bureau or office". Waterbury Charter § 141 (1957); 21 Spec. Laws 583 § 57. The defendants claim that our decision in *Sloane* v. *Waterbury,* supra, determined that the Home Rule Act superseded this charter provision and that therefore the city has no power to enact civil service legislation except as provided in chapter 113 of the General Statutes.[1]

In the construction of a statute, effect should be given to the purpose behind it. *Northeastern Gas Transmission Co.* v. *Collins,* 138 Conn. 582, 592, 87 A.2d 139, and cases cited. A reading of § 7-188 of the General Statutes makes it clear that the purpose behind the Home Rule Act was to enable municipalities to draft or amend charters without the necessity of action by the General Assembly. Being a creature of the state, the city of Waterbury has only such powers as have been granted to it by the legislature, whether by general or special act. *Baker* v. *Norwalk,* 152 Conn. 312, 314, 206 A.2d 428; *Bredice* v. *Norwalk,* 152 Conn. 287, 292, 206 A.2d 433.

In the *Sloane* case the issue presented before the court was whether the procedure for charter amendment under the Home Rule Act superseded the procedure for charter amendment under the charter. We held that a reading of the Home Rule Act made it clear that the act set forth a complete self-contained method of charter amendment, irrespective of any existing charter provision. Therefore,

---

[1] Chapter 113 contains two subdivisions, one pertaining to adoption of a merit system and the other pertaining to a retirement system. No argument has been made that the charter amendment could qualify as being adopted in accordance with this chapter.

as to method or procedure of amendment the Home Rule Act, being later in time, took precedence over any inconsistent provision in the charter. The holding is consistent with the language contained in § 7-192 of the General Statutes, a part of the Home Rule Act, which states that any charter revision "shall be accomplished as provided in section 7-191, the provisions in any charter in existence on . . . [May 29, 1957] governing revision or amendment to the contrary notwithstanding."

The Home Rule Act, however, does not have any effect on the grant of power in the charter of Waterbury to amend its charter by providing for a civil service system. Legislation is construed to effectuate the expressed intention of the legislature. *Bridgeport* v. *Stratford,* 142 Conn. 634, 641, 116 A.2d 508; *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447, 86 A.2d 70. That intent is determined from the language used when there is no ambiguity. *McAdams* v. *Barbieri,* 143 Conn. 405, 415, 123 A.2d 182. Thus, in this case also, the clear language of the Home Rule Act exhibits a legislative intent to add a new power to those which municipalities already had without affecting existing powers. That language is found in General Statutes § 7-188, also part of the Home Rule Act, which states: "Any town, city or borough, in addition to such powers as it has under the provisions of the general statutes or any special act, shall have the power to draft, adopt and amend a charter". To hold that the passage of the Home Rule Act dissolved any prior grant of power would violate other well-established principles of statutory construction. Statutes should be construed if possible so that no part of a legislative enactment is to be treated as insignificant and unnecessary. *State ex*

*rel. Rourke* v. *Barbieri,* 139 Conn. 203, 211, 91 A.2d 773; *Niedzwicki* v. *Pequonnock Foundry,* 133 Conn. 78, 82, 48 A.2d 369. There is a presumption of purpose behind every sentence, clause or phrase in a legislative enactment. *Lampson Lumber Co.* v. *Rosadino,* 141 Conn. 193, 197, 104 A.2d 362, and cases cited. We would be closing our eyes to the opening sentence of § 7-188 if we were to conclude that the Home Rule Act repealed the specific powers of amendment in the Waterbury charter.

Other claims made by the appellant are also without merit. Chapter 113 of the General Statutes does not preempt the field of civil service legislation. There is a presumption that the legislature was aware of existing statutory provisions and that in framing a charter, it did not intend to enact conflicting provisions. *State ex rel. Pape* v. *Dunais,* 120 Conn. 562, 566, 181 A. 721. If the expressions of legislative will are irreconcilable, the latest prevails, even though it is contained in a special act. *Moran* v. *Bens,* 144 Conn. 27, 30, 127 A.2d 42. Application of the above principles leads to the result that the charter provision exists notwithstanding chapter 113. Chapter 113 was in substantially its present form in 1930. Rev. 1930, c. 105. The charter, with its provision giving it the right to adopt a civil service system by charter amendment, was enacted in 1931. The charter, being later in time, is not preempted by chapter 113. The fact that chapter 105 was reenacted as incident to the adoption of the Revisions of 1949 and 1958 (Rev. 1949, c. 47; General Statutes, c. 113) does not have the effect of repealing the charter provision. See Rev. 1949, § 8894; General Statutes § 55-1; *Bridgeport Hydraulic Co.* v. *Rempsen,* 124 Conn. 437, 440, 200 A. 348.

A reading of the amendment to the charter leaves no room for doubt that the defendants herein, as policemen and firemen, are included within the classified service of employees which the amendment established. As such employees the approval of the director of personnel was necessary to the validity of their provisional appointment. Although policemen and firemen may be public officers for certain purposes, they are employees within the meaning of the civil service system amendment. The trial court found that no approval was ever requested or granted.

The other claims of the defendants are without merit.

There is no error.

In this opinion the other judges concurred.