## NEW HAVEN WATER COMPANY *v.* TOWN OF NORTH BRANFORD

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued January 5—decision released April 10, 1978

*Richard G. Bell,* for the appellant (plaintiff).

*William F. Gallagher,* with whom, on the brief, were *Theodore G. Fretel* and *Ellsworth B. Foote,* for the appellee (defendant).

House, C. J.  This is an appeal by the plaintiff from the tax assessment of its personal property by the town of North Branford on October 1, 1967, and October 1, 1968.  The essential facts are not in dispute.  At all relevant times, the plaintiff was a privately owned corporation engaged in the business of creating and furnishing a supply of water for domestic use in the city of New Haven and in eleven surrounding communities, including the town of North Branford.  It was a "public service company" as defined in § 16-1 of the General Statutes and subject to the regulation and control of what was then known as the public utilities commission.

It owned personal property located and maintained in North Branford consisting generally of dams, gatehouses, water mains, meters, service lines, pumps, machinery and associated equipment, all used in the conduct of its business. It maintained its books of account, including records of the depreciated value of its personal properties in accordance with the uniform system of accounts as prescribed by the public utilities commission.

Prior to October 1, 1967, § 12-75 of the General Statutes provided: "Land and buildings, with their appurtenances, including dams, pipe lines and mains, pumping stations, machinery or other equipment, whether such property is considered real or personal estate, owned or taken by any person, firm or corporation except municipal corporations for the purpose of creating or furnishing a supply of water for domestic use, shall be assessed in the town in which such property is situated to such person, firm or corporation." Effective October 1, 1967, this statute was amended by 1967 Public Acts, No. 439, entitled "An Act Concerning the Assessment of Personal Property of Water Companies," to add the following sentence: "The fair market value of such personal property, when owned by a public service company, shall be the depreciated value, in accordance with the uniform system of accounts, as listed in the annual audit report filed with the public utilities commission as required by section 16-32." Effective October 1, 1969, § 12-75, as it had been amended in 1967, was again amended by 1969 Public Acts, No. 714, bearing the same title as the 1967 public act. This 1969 act repealed the final sentence which had been added by the 1967 act and substituted a new final sentence as follows: "Such personal property shall be assessed in accord-

ance with section 12-63." Section 12-63 recognized exceptions for the assessment of farm land, forest land and open space land and provided that "[t]he present true and actual value of all other property shall be deemed by all assessors and boards of tax review to be the fair market value thereof and not its value at a forced or auction sale." As we have noted, the present case involves the defendant's assessment of the plaintiff's personal property only for the assessment dates of October 1, 1967, and October 1, 1968, when the provisions of 1967 Public Acts, No. 439, were in effect.

The defendant in determining the value of the plaintiff's personal property for tax purposes as of October 1, 1967, and as of October 1, 1968, did not use the method of valuation prescribed by Public Act No. 439 but computed the assessment on the basis of reproduction cost less depreciation and, using this formula, arrived at a tax assessment of $3,032,720 for each of the two years. Had the town used the assessment method prescribed by Public Act No. 439, calculating the October 1 value for tax purposes in accordance with the uniform system of accounts as set forth in the plaintiff's annual audit reports to the public utilities commission for 1967 and 1968, the value assessed for tax purposes would have been $1,917,532 for 1967 and $1,897,491 for 1968.

Prior to October 1, 1967, and prior to October 1, 1968, the plaintiff, in accordance with law, filed with the assessor of the town of North Branford a list of all taxable property owned by it and located in that town as of the respective October 1 dates. Each of these lists set forth the values of the plaintiff's property as determined in accordance with

the provisions of Public Act No. 439. For each of the years in question and within the time prescribed by law, the plaintiff appealed to and appeared before the board of tax review for the town of North Branford, offering to be sworn and to answer all questions pertaining to its taxable properties. The board of tax review refused to reduce the assessor's valuation and the plaintiff then appealed to the Court of Common Pleas seeking reimbursement for the overpayment of taxes it had paid based on the town's assessment, with interest and costs.

The defendant filed a special defense asserting that § 12-75, as amended by Public Act No. 439, was "unjust, inequitable, illegal and unconstitutional." The appeal was heard by a state referee, who, sitting as a court, found the issues for the defendant, confirmed the action of the board of tax review and refused any reduction in the assessor's valuation. In its finding, the court concluded that using original cost less depreciation—the method of appraisal required by Public Act No. 439—"has never been recognized either by sound appraisal practice or law as an accepted method for ascertaining *fair* market value," that while all other public service corporations are assessed at a given percentage of the fair market value, the assessment of the plaintiff's property pursuant to the provisions of Public Act No. 439 would be at a given percentage of a figure far below fair market value, that to assess the plaintiff's property pursuant to the provisions of Public Act No. 439 would be to assess it "by a technique denied to others and one which, by inference, is forbidden by § 12-64 and § 12-71, Connecticut General Statutes." The court further concluded that "Public Act No. 439 was invalid, and the defendant's assessor and board of

tax review were entitled to disregard Public Act No. 439 in fixing the value of the plaintiff's properties for tax purposes in the years in question." It also concluded that the plaintiff was not aggrieved by the action of the board of tax review in refusing to fix the value of the plaintiff's properties in accordance with Public Act No. 439 for the years in question, and that the method utilized by the defendant's assessor and board of tax review for fixing the value of the plaintiff's properties for tax purposes for the years in question "was a method other than that prescribed by Public Act No. 439 and was a correct method for such purposes."

On its appeal to this court, the plaintiff has claimed that the court erred in reaching those conclusions, and in overruling its claims of law to the contrary and its claim that the defendant town did not have standing to raise the issue of the constitutionality of Public Act No. 439. The defendant filed a bill of exceptions to the action of the court in overruling its claims of law (a) that Public Act No. 439 violated the equal protection guarantees of the federal and state constitutions and article first, § 1, of the state constitution, (b) that Public Act No. 439 was invalid because compliance with its provisions was objectively impossible, and (c) that Public Act No. 439 was invalid "due to its incompatibility with other statutes in force at the same time."

Despite the foregoing lengthy recital concerning the findings and conclusions of the court, the assignments of error and the defendant's bill of exceptions, all necessary to place in context the issues briefed on this appeal, the decisive issue is a relatively narrow one. The parties stipulated and the

court found that if the defendant had assessed the property of the plaintiff in compliance with the provisions of Public Act No. 439 for the two years in question, the assessment for 1967 would have been $1,917,532 and for 1968, $1,897,491, instead of the $3,032,720 assessment which the defendant town made for both years by using the assessment method of reproduction cost less depreciation, and not the method prescribed by Public Act No. 439. The decisive issue, therefore, is whether the court properly concluded that "Public Act No. 439 was invalid, and the defendant's assessor and board of tax review were entitled to disregard . . . [its provisions] in fixing the value of the plaintiff's properties for tax purposes in the years in question."

We may properly consult the court's memorandum of decision to understand better its decision, to interpret its finding and to determine the grounds upon which it rested its judgment. *Parham* v. *Warden*, 172 Conn. 126, 130, 374 A.2d 137; *Hartford Electric Applicators of Thermalux, Inc.* v. *Alden*, 169 Conn. 177, 185n, 363 A.2d 135; *Anonymous* v. *Norton*, 168 Conn. 421, 423, 362 A.2d 532; *Griffith* v. *Security Ins. Co.*, 167 Conn. 450, 456, 356 A.2d 94; Maltbie, Conn. App. Proc. § 152. The memorandum of decision discloses that the court did not predicate its decision that Public Act No. 439 was invalid on the constitutional grounds pleaded by the defendant in its special defense. It expressly rejected this contention of the defendant, stating: "The defendant maintains that Public Act No. 439 violates the equal protection guarantees of both the state and the federal constitutions. Neither § 1 nor § 12 of article first of the Connecticut constitution nor § 1 of the fourteenth amendment to the federal constitution, by itself, requires taxation

to be equal and uniform. *Hoenig* v. *Connelly,* 141 Conn. 266, 274 [105 A.2d 775]." Rather, the court expressed its opinion that the appraisal method prescribed by Public Act No. 439 for the assessment of the personal property of water companies employed "a technique denied to others, and one which, by inference, is forbidden by §§ 12-64, 12-71. It follows that Public Act No. 439 is invalid."

So far as any constitutional issue is concerned, the trial court properly relied on the portion of *Hoenig* v. *Connelly,* supra, which it quoted in its memorandum of decision. Since that case, this court has had many occasions to discuss the constitutional aspects of tax provisions, most notably and recently in *Waterbury Motor Lease, Inc.* v. *Tax Commissioner,* 174 Conn. 51, 60, 381 A.2d 552; *Miller* v. *Heffernan,* 173 Conn. 506, 378 A.2d 572, appeal dismissed, 434 U.S. 1057, 98 S. Ct. 1226, 55 L. Ed. 2d 758; *Lublin* v. *Brown,* 168 Conn. 212, 362 A.2d 769; and *Kellems* v. *Brown,* 163 Conn. 478, 486, 313 A.2d 53, appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678. In each of those cases we quoted with approval the language of *Madden* v. *Kentucky,* 309 U.S. 83, 88, 60 S. Ct. 406, 84 L. Ed. 590, repeated with approval in *San Antonio School District* v. *Rodriguez,* 411 U.S. 1, 40, 93 S. Ct. 1278, 36 L. Ed. 2d 16: "[I]n taxation, even more than in other fields, legislatures possess the greatest freedom in classification. Since the members of a legislature necessarily enjoy a familiarity with local conditions which this Court cannot have, the presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes. The burden is on the one attacking the legislative arrangement

to negative every conceivable basis which might support it." It is unnecessary to repeat in any detail the principles upon which we relied in the *Waterbury Motor Lease, Miller, Lublin* and *Kellems* decisions although one further quotation is particularly pertinent: "It is to be emphasized that the question which must be addressed is not whether the prescribed mode of taxation is wise; *Bassett* v. *Rose,* 141 Conn. 129, 104 A.2d 212; but whether the classification it delineates is reasonable, resting upon 'some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' *F. S. Royster Guano Co.* v. *Virginia,* 253 U.S. 412, 415, 40 S. Ct. 560, 64 L. Ed. 989." *Miller* v. *Heffernan,* supra, 510.

As the plaintiff properly asserts, the private water companies in the public service company category form a distinct class, unique as to product, purpose and consumer needs, and are highly regulated by statute and by the state's public utility regulating body. We conclude that the record in this case does not support a conclusion that there is no rational relation whatsoever between Public Act No. 439 and a valid legislative purpose and the trial court, therefore, properly did not base its decision on any constitutional grounds.

We cannot, however, agree with the conclusion of the trial court that Public Act No. 439 was invalid on the ground that the method of assessment it prescribed was one which, by inference, is forbidden by §§ 12-64 and 12-71 of the General Statutes. The language of Public Act No. 439 is specific and in no way ambiguous. " 'It is well settled that a special or specific law repeals an earlier general

or broad law to the extent of any irreconcilable conflict between their provisions.' 73 Am. Jur. 2d 520, Statutes, § 416. ' "The General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces." *State* v. *Staub,* 61 Conn. 553, 566, 23 A. 924; *Coombs* v. *Darling,* 116 Conn. 643, 646, 166 A. 70; *Hartley* v. *Vitiello* [113 Conn. 74, 82, 154 A. 255].' *Knoll* v. *Kelley,* 142 Conn. 592, 595, 115 A.2d 678. When two legislative enactments are in conflict and cannot reasonably be reconciled, the later one repeals the earlier one to the extent of the repugnance. 'If expressions of the legislative will are irreconcilable, the latest prevails, even though it is contained in a special act. *Moran* v. *Bens,* 144 Conn. 27, 30, 127 A.2d 42.' *State ex rel. Sloane* v. *Reidy,* 152 Conn. 419, 425, 209 A.2d 674; see *Meriden* v. *Board of Tax Review,* 161 Conn. 396, 402, 288 A.2d 435." *Pizzola* v. *Planning & Zoning Commission,* 167 Conn. 202, 205, 355 A.2d 21; see also *Atwood* v. *Regional School District No. 15,* 169 Conn. 613, 622, 363 A.2d 1038; *Bisi* v. *American Automobile Ins. Co.,* 137 Conn. 424, 431, 78 A.2d 533. Furthermore, the two statutes upon which the court relied as by inference forbidding the assessment method prescribed by Public Act No. 439 by their own terms do not do so. Section 12-64 is not applicable since it deals with the taxation of real estate while the present appeal concerns only personal property. In any event, both §§ 12-64 and 12-71 subjecting property generally to a uniform percentage of actual value are expressly made applicable "except as otherwise provided by law" in § 12-64 and "except when otherwise pro-

vided by law" in § 12-71. We conclude that the court erred in holding that Public Act No. 439 was invalid because its provisions were "forbidden" by the provisions of other earlier statutes which were in effect when Public Act No. 439 was adopted. It follows that there was error in the ultimate conclusions of the trial court (a) that Public Act No. 439 was invalid and that the defendant's assessor and board of tax review were entitled to disregard Public Act No. 439 in fixing the value of the plaintiff's properties for tax purposes in the years in question, (b) that the method utilized by the assessor and board of tax review for fixing the value of the plaintiff's properties for tax purposes, which was other than that prescribed by Public Act No. 439, was a correct method, and (c) that the plaintiff is not entitled to a refund of taxes or interest paid to the defendant.

Under usual circumstances, our finding of error would require that the case be remanded for a new trial. Such a remand, however, is unnecessary in the circumstances of the present case. As we have noted, the parties stipulated and the court found that had the property of the plaintiff been assessed in compliance with the provisions of Public Act No. 439 for the two years in question the assessment for 1967 would have been $1,917,532 and for 1968, $1,897,491, instead of the $3,032,720 assessment made by the town for each of the years. The finding also discloses that for each of the two years in question the plaintiff paid to the town the taxes, with interest, based upon the town's assessment. Under these circumstances, a new trial is unnecessary and all that need be done by the trial court is to make the mathematical computation necessary to render judgment for the plaintiff for

a refund of the excess taxes paid by the plaintiff as a result of the higher assessment made in disregard of the provisions of Public Act No. 439, with interest. The case, accordingly, may be remanded with direction to render judgment for the plaintiff for the amount as thus computed. In these circumstances, it is not incumbent upon us to consider, or to express any opinion upon, the remaining questions arising on the defendant's bill of exceptions. *Demma* v. *Commissioner of Motor Vehicles*, 165 Conn. 15, 18, 327 A.2d 569; *Carta* v. *Providence Washington Indemnity Co.*, 143 Conn. 372, 379, 122 A.2d 734; Maltbie, Conn. App. Proc. § 288.

There is error, the case is remanded with direction to render judgment for the plaintiff to recover with interest taxes it paid as a result of the defendant town's assessment of its personal property on the list of October 1, 1967, in excess of $1,917,532 and on the list of October 1, 1968, in excess of $1,897,491.

In this opinion the other judges concurred.