## WALTER ZUK *v.* STATE OF CONNECTICUT

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 405523
HARTFORD-NEW BRITAIN AT NEW BRITAIN

Memorandum filed July 28, 1981

*Januszewski, McQuillan & DeNigris,* for the plaintiff.

*Carl R. Ajello,* attorney general, and *Brian J. Comerford* and *Richard M. Sheridan,* assistant attorneys general, for the defendant.

D. DORSEY, J. The plaintiff brings this action to recover gambling losses in the amount of $5245 allegedly sustained from his purchase of lottery tickets from the defendant state of Connecticut. The action is brought pursuant to General Statutes § 52-554, which at the time of the plaintiff's ticket purchases and subsequent losses provided: "Any person who, by playing at any game, . . . loses the sum or value of one dollar in the whole and pays or delivers the same, or any part thereof, may, within three months next following, recover from the winner the money, or the value of the goods, so lost and paid or delivered, with costs of suit, in a civil action . . . ."

The defendant now moves to strike the plaintiff's complaint for failure to state a cause of action under which relief may be granted by the state of Connecticut.

The plaintiff claims that General Statutes § 52-554 provides a cause of action against the state of Connecticut to recover losses sustained by participants in legalized gambling. The defendant argues, inter alia, that the state's authorization to conduct legalized gambling activities pursuant to General Statutes § 12-557 et seq. repeals by implication that portion of § 52-554 which conflicts with the later enacted enabling legislation.

When two statutes appear to conflict it is preferable that both be given effect when a harmonious construction is possible. *Hirschfeld* v. *Commission on Claims,* 172 Conn. 603, 607, 376 A.2d 71 (1977). When two conflicting statutes are not reasonably reconcilable, however, the later will prevail and, by implication, repeal the earlier "to the extent of the repugnance." *New Haven Water Co.* v. *North Branford,* 174 Conn. 556, 565, 392 A.2d 456 (1978); see *State ex rel. Sloane* v. *Reidy,* 152 Conn. 419, 209 A.2d 674 (1965); *Moran* v. *Bens,* 144 Conn. 27, 127 A.2d 42 (1956).

Furthermore, a presumption exists that the legislature acts "in view of existing relevant statutes" and with the intention to create one consistent body of law. *Rustici* v. *Stonington,* 174 Conn. 10, 13, 381 A.2d 532 (1977).

It would be unreasonable to conclude that the legislature intended to allow unlucky purchasers of lottery tickets to obtain refunds from the state of Connecticut, such being a less than effective revenue-producing policy. The legislature has since amended General Statutes § 52-554 by 1981 Public Acts, No. 81-16, effective March 31, 1981, to exempt the state of Connecticut from its application. Although this

amendment has no retroactive effect, it is evidence of the legislature's intent that § 52-554 not extend to legalized gambling as authorized by General Statutes § 12-557 et seq.

Since the plaintiff has no cause of action against the state of Connecticut pursuant to General Statutes § 52-554, the defendant's motion to strike is granted.