[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a complex habeas petition. The Amended Petition dated April 6, 2001 is in four counts. Count One claims pre-sentence confinement credit but has been withdrawn without prejudice. Count Two claims that the failure to apply 477 days of good time jail credit to Petitioner's total effective sentence is a violation of the holding in the case of Riverav. Commissioner of Corrections, 254 Conn. 214 (2000) Count Three is a claim that Public Act 93-219 is unconstitutional in that as it applies to the Petitioner it is ex post facto Count Four involves the ex post facto view of Public Act 95-255. The Court has already ruled in the Petitioner's favor on Count Four on the basis of its ruling in GusWoods, et al v. Commissioner of Corrections, Judicial District of Hartford at Hartford, CV 99-587087 S, September 13, 2001, Rittenband, J. Count Three is not ex post facto as it applies to the Petitioner because the two dockets in question, CR 93-17132 of five years and CR 94-103279 of seven years were based on offenses committed after October 1, 1994 which was the effective date of the Act. Therefore, there is no merit to Count Three.
 ISSUES We are then left with Count Two which is a claimed violation of theholding in Rivera v. Commissioner, supra and is the principal issue in thisPetition. CT Page 1856
It boils down to statutory construction, equal protection and the applicability of Rivera, supra and Velez v. Commissioner of Corrections,250 Conn. 536 (1999).
The issue in this case is clearly a matter of law and not a matter of fact. The facts are undisputed. They are in pertinent part as follows:
The Petitioner was convicted of the following offenses:
 Docket No. Date of Offense Sentencing Date Sentence
CR94-17802 11/06/93 05/11/95 5 Years CR94-19872 09/13/94 05/11/95 5 Years CR93-17132 11/10/94 05/11/95 5 Years CR94-103279 11/09/94 08/23/96 15 years suspended after 7 years
The first three listed offenses were committed in the Milford G.A. (#22), and the sentences were imposed there. At that time the controlling sentence was considered to be the one dated 11/10/94 on the basis that that sentence had the longest period to run. The CR 94-103279 sentence which was imposed on 08/23/96 was for a case in G.A. 2, Bridgeport, and that being the longest sentence to run, it became the controlling sentence.
The records reflect that the Petitioner received 477 days good time credit on Docket No. 94-19872. It should also be noted that the five-year sentences were to run concurrently to each other, but the seven-year sentence was consecutive to the prior three sentences for a total effective sentence of twelve years incarceration. It is true that under normal circumstances as stated in Rivera, these sentences would be aggregated and considered one continuous term of imprisonment.
Petitioner relies on Rivera, supra and claims that based upon that decision the Petitioner is entitled to 477 days good time credit on his one continuous sentence.
This Court is very familiar with Rivera v. Commissioner, having being the Trial Court who rendered the original judgment which was upheld inRivera v. Commissioner, supra. Rivera, however, is distinguishable from the, case at bar as follows:[1]
 1. In Rivera, all of the crimes were committed in 1989, 1990 and 1991 whereas two of the crimes committed by the Petitioner in the case at bar were on November 9, 1994 and November 10, 1994 which follow the effective date of C.G.S. § 18-100d which prohibits good time credits for any CT Page 1857 offenses committed after October 1, 1994. Rivera did not deal with the issue of good time credits for offenses committed subsequent to October 1, 1994.
2. CGS § 18-100d provides as follows:
 "Notwithstanding any other provision of the General Statutes, any person convicted of a crime committed on or after October 1, 1994 shall be subject to supervision by personnel of the Department of Correction or the Board of Parole until the expiration of the maximum term or terms for which he was sentenced." (Emphasis added).
That statute is controlling over all prior statutes, including CGS § 18-7a, because of the language "Notwithstanding any other provision of the General Statutes" and because that statute was passed subsequent to the statutes that allowed for good time credit. If there is any conflict between CGS § 18-100d and any of the following sections, CGS §§ 18-7, 18-7a (a), 18-7a (b) and 18-7a (c), CGS § 18-100d being the statute latest enacted prevails. See New Haven Water Co. v. NorthBranford, 174 Conn. 556, 565 (1978).[2]
"Where the words of a statute are clear, the court's task is to merely apply the explicit directive of the legislature." Varrastro v.Silverstein, 188 Conn. 213 (1982). "Furthermore, we presume that laws are enacted in view of existing relevant statutes . . . and that statutes are to be interpreted with regard to other relevant statute because the legislature is presumed to have created a consistent body of law Conwayv. Wilton, 238 Conn. 653, 663-664 (1996). This Court finds the language of CGS Sec. 18-100d to be clear and unequivocal. It eliminates good time credit for inmates who committed crimes subsequent to the effective date of CGS Sec. 18-100d, October 1, 1994. See Velez v. Commissioner ofCorrection, 250 Conn. 536 (1999), which upheld CGS § 18-100d. The following portion of Velez is particularly noteworthy:
"Notwithstanding any other provision of the general statutes, any person convicted of a crime committed on or after October 1, 1994, shall be subject to supervision by personnel of the Department of Correction or the Board of Parole until the expiration of the maximum term or terms for which he was sentenced." (Emphasis added.) By its terms. § 18-100d requires that a person convicted of a crime committed on or after October 1, 1994, remain under the authority of either the department or the CT Page 1858 board for the entire length of his or her court-imposed sentence. Thus. the language of § 18-100d manifests an intention that such persons be either incarcerated (i.e., under the authority of the department), placed in a community correctional program (i.e., under the authority of the department) or on parole (i e under the authority of the board) during the entire term of their court-imposed sentences.
 Moreover, the phrase "[n]otwithstanding any other provision of the general statutes"; (emphasis added); in § 18-100d unequivocally indicates that the legislature intended that the statutory requirement that persons convicted of crimes committed on or after October 1 1994, remain under the authority of the department or the board for the entire length of the court sentences, would override any statutory provisions to the contrary. By its terms, therefore, § 18-100d indicates that the legislature intended that the good time statutes-statutes that operate to release inmates and persons granted community placement from the authority of the department and to release parolees from the authority of the board after completion of only a portion of their court-imposed sentences-no longer be applicable to persons convicted of crimes committed on or after October 1, 1994." Id. 543, 544 emphasis added. .
Accordingly, this Court finds that good time credits do not apply to the offenses committed after October 1, 1994 which are the following:
Docket No. CR 93-17132 and Docket No. CR 94-103279.
3. For further support of this position the Court agrees with Respondent's claim that the Petitioner's construction of Rivera v.Commissioner violates the equal protection clauses of the United States and Connecticut Constitutions. Each inmate must be treated equally by the law. A person who has committed a crime subsequent to October 1, 1994 and has no prior incarceration would not be able to obtain good time credits whereas the Petitioner by committing two crimes after October 1, 1994 and treating that plus the other crimes committed prior to October 1, 1994 for which he has been incarcerated as one continuous term and thereby allowing him credit for all of his good time including up to the end of his continuous term would b a reward to the Petitioner who has a prior CT Page 1859 record of incarceration that cannot be awarded to a prisoner whose offense was committed subsequent to October 1, 1994 and has no prior credits because he has no prior incarceration. This is unequal treatment that has no rational basis and, to apply the law in that maimer, would be a violation of the Equal Protection clauses of the United States and Connecticut Constitutions
Accordingly, because CGS § 18-100d does not apply to the crimes committed subsequent to October 1, 1994 by the Petitioner, the one continuous term principle cannot and does not apply to this Petitioner.
Therefore, the Petitioner is not entitled to additional good time credit as he has claimed. The petition is dismissed.
Rittenband, JTR