This is an appeal from a judgment of the Superior Court in an action brought to that court on October 16, 1981,[1] affirming a decision of the zoning board of appeals of the town of Litchfield. The defendants have moved to dismiss the appeal contending that the Appellate Session of the Superior Court is without jurisdiction to hear an appeal involving a zoning matter. We do not agree.
General Statutes 51-197d provides that the Appellate Session of the Superior Court "shall have jurisdiction of appeals from any final judgment . . ." *Page 357 
of the Superior Court concerning an appeal taken from an administrative decision of any board, agency of the state or any political subdivision thereof.[2] A decision of a municipal zoning board of appeals is an administrative decision of a political subdivision of the state within the meaning of this act.
Similarly, General Statutes 8-8 also contains provisions concerning appeals from proceedings in which the Superior Court has reviewed the decisions of zoning boards of appeal. It provides that "there shall be no right to further review except to the supreme court by certification for review . . . ."[3] Since one law effectively authorizes appeals of zoning matters to the Appellate Session and another law authorizes appeals only by certification to the Supreme Court, an obvious conflict between the two statutes exists.
"When two legislative enactments are in conflict and cannot reasonably be reconciled, the later one repeals the earlier one to the extent of the repugnance." New Haven Water Co. v. North Branford,174 Conn. 556, 565, 392 A.2d 456 (1978). "[T]he general rule is that a subsequent act will be found to have repealed the first by implication." State ex rel. Gaski v. Basile, 174 Conn. 36, 44,381 A.2d 547 (1977) (Speziale, J., concurring).
The provision of General Statutes 51-197d
authorizing appeals involving zoning matters to the *Page 358 
Appellate Session became effective July 1, 1981. That portion of General Statutes 8-8 which established the procedure for certification to the Supreme Court became effective on September 1, 1971. Because of its more recent enactment, we conclude that the amendment of 51-197d constitutes the legislature's most current statement on this issue and, to the extent that a conflict exists,51-197d repeals by implication the contrary portion of 8-8.[4]
We are mindful that General Statutes 8-8 takes up the special matter of appeals from zoning boards of appeals while 51-197d deals with the general matter of appeals from all administrative agencies. It is therefore arguable that the specific provisions of 8-8 ought to prevail over the general language of 51-197d which might otherwise be controlling. Atwood v. Regional School District No. 15, 169 Conn. 613, 622,363 A.2d 1038 (1975).
This is not the case here for the reason that51-197d specifically creates an additional right of zoning appeal in an intermediate appellate court where formerly none existed. Certification to the Supreme Court is still available to any aggrieved party from an adverse decision of the Appellate Session of the Superior Court.[5] Thus by our declaring applicable to zoning matters the broader provisions of 51-197d, the zoning appellant loses nothing which was previously available under 8-8, and yet gains an additional appellate forum which is available as a matter *Page 359 
of right and not as a matter of the more limited certification process. Such a result is consistent with the "presumption that the legislature, in enacting a law, did so in view of existing relevant statutes and intended it to be read with them so as to make one consistent body of law." Cicala v. Administrator, 161 Conn. 362,365, 288 A.2d 66 (1971).
 The motion to dismiss is denied.
In this opinion BIELUCH and SPADA, Js., concurred.