NATHAN M. SHIPPEE *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF OLD LYME ET AL.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Decision released October 26, 1982

*John J. Carta, Jr.,* for the petitioner (plaintiff).

*David Royston,* for the respondent (named defendant).

*Michael Cronin,* for the respondent (defendant Jean J. Woodstock).

PER CURIAM. By his petition, the plaintiff asks this court to grant certification to review the decision of the Superior Court in an appeal from the decision of a municipal zoning board of appeals. Section 8-8 of the General Statutes, effective in pertinent part on September 1, 1971, provides that in the case of appeals to the Superior Court in zoning matters, "there shall be no right to further review except to the supreme court by certification for review . . . ."

The issue before us is to determine what effect the 1981 enactment of General Statutes § 51-197d (11) has had on the certification procedure of § 8-8. Section 51-197d (11) provides, for appeals brought to the Superior Court on or after July 1, 1981, that the Appellate Session of the Superior Court "shall have jurisdiction of appeals from any final judgment or action in . . . any appeal taken . . . to the superior court . . . from an administrative decision of an officer, board, commission or agency of the state or any political subdivision thereof." The instant appeal was brought to the Superior Court after July 1, 1981.

"When two legislative enactments are in conflict and cannot reasonably be reconciled, the later one repeals the earlier one to the extent of the repug-

nance." *New Haven Water Co.* v. *North Branford,* 174 Conn. 556, 565, 392 A.2d 456 (1978). "[T]he general rule is that a subsequent act will be found to have repealed the first by implication." *State ex rel. Gaski* v. *Basile,* 174 Conn. 36, 44, 381 A.2d 547 (1977) (*Speziale, J.,* concurring).

We therefore hold that the legislature by its enactment of Public Acts 1981, No. 81-416, which encompassed the above-quoted language of § 51-197d (11), repealed by implication[1] the inconsistent provisions of the earlier-enacted § 8-8.

Accordingly, this petition is dismissed.

---

[1] The legislative history concerning the enactment of Public Acts 1981, No. 81-416 is silent with respect to the relationship between General Statutes §§ 8-8 and 51-197d (11).

