This is an appeal from a judgment of the Superior Court dismissing the plaintiff's appeal from an adverse decision of the defendant planning and zoning commission of the town of Coventry. This court, upon its own motion, heard the parties on the matter of its subject matter jurisdiction to entertain the appeal.
The facts necessary to an understanding of the case are as follows: On December 29, 1980, the commission granted the defendant town of Coventry's application for a special permit to expand its sanitary landfill. The plaintiff, owner of a parcel abutting the landfill, commenced an appeal from this decision in Superior Court on January 16, 1981. On August 10, . 1982, the court rendered judgment dismissing the appeal for lack of jurisdiction and the plaintiff filed a timely appeal to this court. Based on these procedural facts, we conclude that we lack jurisdiction of the subject matter of the appeal and, accordingly, it is hereby dismissed.
The jurisdiction of the Appellate Session of the Superior Court is set forth in General Statutes51-197d as amended by Public Acts 1981, No. 81-416. *Page 674 
Subsection (11) of that statute confers upon the Appellate Session jurisdiction of "[a]ny [administrative] appeal taken on or after the effective date of this act to the superior court in accordance with section 51-197b . . . ." The effective date of this act was July 1, 1981. Public Acts 1981, No. 81-416, 5. Since the plaintiff's appeal was taken to the Superior Court on January 16, 1981, some five months prior to the effective date of 51-197d, the case is not one which the Appellate Session is authorized to consider. Barausky v. Zoning Board of Appeals,38 Conn. Sup. 356, 356-57, 447 A.2d 758 (1982); see also Shippee v. Zoning Board of Appeals, 188 Conn. 555,556, 451 A.2d 285 (1982).
The plaintiff argues, however, that even if we lack jurisdiction under 51-197d (11), we nevertheless have jurisdiction under 51-197d (1),[1]
as zoning appeals are considered civil actions under the Connecticut rules of procedure. see Practice Book 256. We do not agree. Adoption of this argument would, in effect, render 51-197d
(11) meaningless. That we cannot do as it is fundamental that a statute should be construed so that every part thereof will be operative. Danseyar v. Zoning Board of Appeals, 164 Conn. 325,328, 321 A.2d 474 (1973).
 For the foregoing reasons, we hold that since the plaintiff's appeal to the Superior Court was taken prior to the effective date of General Statutes