SHEARSON AMERICAN EXPRESS, INC. *v.* BANKING
COMMISSIONER OF THE STATE OF CONNECTICUT

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1468

Argued May 19—decided August 5, 1983

*William S. Rogers,* with whom, on the brief, was
*Allan J. Kleban,* for the appellant (plaintiff).

*Jonathon L. Ensign,* assistant attorney general, with
whom, on the brief, were *Joseph I. Lieberman,* attorney
general, and *John G. Haines,* assistant attorney
general, for the appellee (defendant).

BIELUCH, J. This is an appeal by the plaintiff from
an order granting the defendant's motion to dismiss
the plaintiff's appeal from a declaratory ruling of the
defendant. The facts are as follows: The plaintiff is the
parent corporation of three wholly owned subsidiaries,
Shearson Loeb Rhodes Asset Management Corpora-
tion, Shearson Management Corporation and Bernstein-
Macaulay, Inc. In addition, it operates a branch known
as the Option Management Account Program. All four

entities perform investment advisory services. Besides furnishing investment advice, the plaintiff also provides securities brokerage services.

The Connecticut Uniform Securities Act; General Statutes §§ 36-470 through 36-502; contains separate registration requirements for broker-dealers,[1] for investment advisers[2] and for investment adviser agents.[3]

During a routine examination of the plaintiff's records, an examiner employed by the state banking department discovered that a duly registered broker-dealer employee of the plaintiff had referred a client to an investment adviser employed by one of the plaintiff's subsidiaries. The defendant informed the plaintiff that this broker-dealer was in violation of § 36-474 (d) as he was acting as an investment adviser agent and was not properly registered as such.

The plaintiff thereafter brought a petition to the defendant pursuant to General Statutes § 4-176 seeking a declaratory ruling that its brokers were not, by the mere act of making referrals, acting as investment adviser agents and, therefore, were not obligated to register as such. The defendant, without conducting a hearing, ruled to the contrary.

The plaintiff appealed this ruling to the Superior Court pursuant to General Statutes §§ 4-183 and 36-499. The defendant moved to dismiss the complaint on the ground that since there was no hearing on the original petition to the defendant, the plaintiff's proper remedy, pursuant to § 4-176, as amended by Public Acts 1982, Nos. 82-349, § 3 and 82-472, § 178, was an action for a declaratory judgment under § 4-175, rather

[1] General Statutes § 36-474 (a).
[2] General Statutes § 36-474 (d).
[3] General Statutes § 36-474 (d).

than an administrative appeal under § 4-183. The court granted the motion to dismiss and the plaintiff appealed to this court.

The single issue for our determination is whether a declaratory judgment action is the exclusive remedy of one aggrieved by a declaratory ruling of the banking commissioner made without having conducted a hearing. The plaintiff argues that the remedy provided under § 4-176 is coextensive with the right to an administrative appeal under §§ 36-499 and 4-183; therefore, the court erred in concluding that it lacked jurisdiction of the plaintiff's appeal. We disagree.

The plaintiff's claim flies in the face of the plain language of § 4-176, as amended by Public Acts 1982, No. 82-472, § 178, which provides that "[i]f the agency issues an adverse [declaratory] ruling, the remedy for an aggrieved person *shall* be an action for declaratory judgment under section 4-175 unless the agency conducted a hearing pursuant to sections 4-177 and 4-178 for the purpose of finding facts as a basis for such ruling, in which case the remedy for an aggrieved person shall be an appeal pursuant to section 4-183." (Emphasis added.) The use of the word "shall" in the statute indicates a legislative intent that this provision be construed as mandatory, rather than directory. *Burwell* v. *Board of Selectmen,* 178 Conn. 509, 517, 423 A.2d 156 (1979); *Akin* v. *Norwalk,* 163 Conn. 68, 74, 301 A.2d 258 (1972).

The plaintiff maintains that despite the unambiguous language of § 4-176, the legislature preserved § 36-499[4] and, therefore, expressed its intent that the remedies be alternative. To support this claim, the plaintiff cites *Connecticut Life & Health Ins. Guaranty Assn.* v.

---

[4] "[General Statutes] Sec. 36-499. APPEALS. Any person aggrieved by a final decision of the [banking] commissioner may appeal to the superior court for the judicial district of Hartford-New Britain in accordance with the provisions of section 4-183."

*Jackson,* 173 Conn. 352, 377 A.2d 1099 (1977), and *McDermott* v. *Commissioner of Children & Youth Services,* 168 Conn. 435, 363 A.2d 103 (1975). Neither of those decisions stands for the proposition for which the plaintiff asserts them, viz., that § 4-176 and § 36-499 are elective remedies. The earlier case, *McDermott,* held that since the legislature, at the time it enacted the Uniform Administrative Procedure Act (UAPA), failed to amend or repeal § 5-242 (e) of the State Personnel Act; General Statutes §§ 5-193 through 5-269; which provided a separate appeal procedure for certain discharged state employees, the plaintiff could still proceed under that statute. To the extent of any inconsistency with the UAPA, however, § 5-242 (e) was repealed.[5]

The later case, *Connecticut Life,* held that an action for a declaratory judgment would not lie where the plaintiff had failed to exhaust its administrative remedy, an appeal under the UAPA. That case, however, was decided prior to the 1982 amendments to the declaratory rulings provision of the UAPA, namely, § 4-176.

Further to support its position, the plaintiff points to the fact that the legislature, when it amended § 4-176 in Public Acts 1982, Nos. 82-349, § 3 and 82-472, § 178, retained the existing last sentence of the statute which provides that "[r]ulings disposing of petitions have the same status as agency decisions or orders in contested cases." The plaintiff, therefore, maintains that the legislature intended to preserve the remedy of an administrative appeal under § 4-183 in cases such as the one before us.

We are unclear as to the purpose of that retained sentence in § 4-176. If we give it the interpretation urged by the plaintiff, there is an inherent repugnancy

[5] We note that in response to that decision the legislature amended § 5-242 (e) to conform to the provisions of the UAPA. Public Acts 1977, No. 77-603, § 7.

between it and the amendments to § 4-176. In such a case, the rules of statutory construction would require that the amendment, since it is last in time, prevails. *Barausky* v. *Zoning Board of Appeals,* 38 Conn. Sup. 356, 357, 447 A.2d 758 (1982). We believe, however, that the provisions are consistent, since we interpret the last sentence to mean that where a hearing was conducted and the petition was then dismissed, an aggrieved party has a right of appeal under § 4-183. Where, however, no hearing was conducted, as in the present case, the statute requires that the plaintiff bring an action for a declaratory judgment, rather than an administrative appeal, which is limited by § 4-183 to agency decisions or orders in contested cases.

Finally, the plaintiff claims that the court erred in applying § 4-176, as amended, retroactively to its appeal. The gravamen of this claim is that Public Acts 1982, Nos. 82-349, § 3 and 82-472, § 178, became effective on July 1, 1982, and the plaintiff's petition for a declaratory ruling was dated November 20, 1981. Moreover, the plaintiff contends that the amendments affect substantive rights and, therefore, that there is a presumption that the legislature intended that the amendments be applied prospectively only.

The answer to this claim is that the statute was not applied retroactively. Although the original petition before the defendant was filed prior to July 1, 1982, the effective date of the amendments to § 4-176, the defendant's ruling and the plaintiff's appeal therefrom were filed after that date. Therefore, the trial court correctly held that § 4-176, as amended, applied to the plaintiff's administrative appeal and properly granted the motion to dismiss.

There is no error.

In this opinion DALY and CIOFFI, Js., concurred.