### LAWRENCE L. HANNAFIN ET AL. *v.* ETHICS COMMISSION

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 285850
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 4, 1983

*Byrne, Shechtman & Slater,* for the plaintiffs.

*Joseph I. Lieberman,* attorney general, and *William J. Prensky,* assistant attorney general, for the defendant.

CORRIGAN, J. The plaintiffs bring this action pursuant to General Statutes §§ 4-175 and 4-176 which provide

for a request for a declaratory judgment when a state agency gives an adverse declaratory ruling without holding a hearing. The plaintiffs, all state employees of the real estate commission, which evaluates and approves real estate courses and schools which teach those courses, had asked for an advisory opinion informing them whether their teaching of approved courses at approved schools violated chapter 10 of the General Statutes (the state's statutory code of ethics). After a draft opinion, the plaintiffs asked for a declaratory ruling and a hearing. The defendant granted the petition for the declaratory ruling, holding that the plaintiffs should not continue teaching the real estate courses, but denied the plaintiffs a hearing. The plaintiffs petitioned for a rehearing and a clarification, and the defendant stated in September, 1980, with respect to that petition: "The members of the Real Estate Commission staff who requested the declaratory ruling may not continue teaching courses which can meet a prerequisite to applying for a real estate license." The plaintiffs allege that they have no evaluative input into the commission's approval or disapproval of the schools or the courses. The plaintiffs bring this action for a declaratory judgment in that the ruling of the defendant was adverse to their interest.

The defendant moves to strike the complaint because (1) it fails to state a claim upon which relief can be granted, and (2) another action involving the same issues and parties is presently pending in our Supreme Court. For the purposes of deciding a motion to strike, the court is limited to the well pleaded facts of the complaint, which must be assumed to be true for the purposes of the motion. *England* v. *Coventry,* 183 Conn. 362, 365, 439 A.2d 372 (1981); *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980). If facts provable under the alle-

gations of the complaint would support a cause of action, the motion to strike must fail. *Cyr* v. *Brookfield,* 153 Conn. 261, 263, 216 A.2d 198 (1965). In this case the question of whether the court can properly grant declaratory relief is raised by a motion to strike. *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 360, 377 A.2d 1099 (1977).

The plaintiffs in the present action request declaratory relief under the provisions of General Statutes § 4-176 as it was amended as of July 1, 1982, even though the declaratory ruling predated the amendment. The defendant argues that the amendment, since it was enacted subsequent to the defendant's ruling, was not considered by the defendant, and, therefore, that the plaintiffs, in effect, must now request such a ruling under the amended statute. General Statutes § 4-176, as amended by Public Acts 1982, No. 82-472, § 178, provides that if the agency issues an adverse ruling, the remedy for an aggrieved person shall be an action for a declaratory judgment under General Statutes § 4-175 unless the agency conducted a hearing pursuant to §§ 4-177 and 4-178 for the purpose of finding facts as a basis for such ruling, in which case the remedy for an aggrieved person shall be an appeal pursuant to General Statutes § 4-183. *Shearson American Express, Inc.* v. *Banking Commissioner,* 39 Conn. Sup. 462, 464, 466 A.2d 800 (1983). The statute is procedural, and the proper remedy of the plaintiffs from the adverse ruling, no matter when given, is an action for a declaratory judgment.

The plaintiffs in their complaint do not allege that another action between the parties is pending. The defendant raises such facts by way of a request for admissions and by way of attachments to its brief. Where facts are alleged which are not within the complaint, they are extraneous and of no import for the

purposes of a motion to strike. *Tilo Co.* v. *Fishman,* 164 Conn. 212, 213, 319 A.2d 409 (1972). The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object is good cause for abatement. This is so because there cannot be any reason or necessity for bringing the second action, and, therefore, the second action is deemed to be oppressive and vexatious. The remedy is a motion to dismiss, previously a plea in abatement. *Zachs* v. *Public Utilities Commission,* 171 Conn. 387, 391, 370 A.2d 984 (1976).

If the first action, however, was an appeal under the provisions of General Statutes § 4-183, as it appears from the copy of the trial court's decision which was attached to the defendant's brief, then there is good cause to bring this action under the provisions of General Statutes § 4-175. *Shearson American Express, Inc.* v. *Banking Commissioner,* supra, 464.

The motion to strike is denied.