RATICK COMBUSTION, INC. *v.* STATE HEATING, PIPING AND COOLING WORK EXAMINING BOARD
(12311)

O'CONNELL, LANDAU and SCHALLER, Js.

Argued December 9, 1993—decision released April 12, 1994

*Michael A. Arcari,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Robert M. Langer,* assistant attorney general, for the appellant (defendant).

*Stuart A. Margolis,* for the appellee (plaintiff).

O'CONNELL, J. The defendant appeals from the trial court's judgment in this declaratory judgment action. The plaintiff is a Connecticut corporation and the defendant is the state heating, piping and cooling work examining board (board). On appeal to this court, the defendant challenges the validity of the board's ruling on the basis of claimed defects in the board's membership.[1] We vacate the judgment and remand for further proceedings.

---

[1] The defendant raises the following issues on appeal: (1) Did the trial court improperly fail to apply § 2 of Public Acts 1989, No. 89-25, to vali-

In 1988, the plaintiff requested that the board issue a declaratory ruling under General Statutes (Rev. to 1987) § 4-176.[2] Specifically, the plaintiff requested the board to determine whether boiler cleaning is included in the definition of heating, piping and cooling work in General Statutes § 20-330 (5).[3] On October 13, 1988, the board issued a declaratory ruling to the effect that boiler cleaning is included in the statutory definition of heating, piping and cooling work. Because this ruling was adverse to the plaintiff, it brought an action in the Superior Court for a declaratory judgment under General Statutes (Rev. to 1987) § 4-175.[4]

date the actions of the board? (2) Did the trial court improperly reject the common law rule that a majority of all the actual members of a board may form a quorum to conduct business? and (3) Did the trial court improperly conclude that the state heating, piping and cooling work examining board did not have a quorum when it rendered its declaratory ruling to the plaintiff?

[2] General Statutes (Rev. to 1987) § 4-176 provides: "Each agency may, in its discretion, issue declaratory rulings as to the applicability of any statutory provision or of any regulation or order of the agency, and each agency shall provide by regulation for the filing and prompt disposition of petitions seeking such rulings. If the agency issues an adverse ruling, *the remedy for an aggrieved person shall be an action for declaratory judgment under section 4-175 unless the agency conducted a hearing pursuant to sections 4-177 and 4-178 for the purpose of finding facts as a basis for such ruling, in which case the remedy for an aggrieved person shall be an appeal pursuant to section 4-183.* If the agency fails to exercise its discretion to issue such a ruling, such failure shall be deemed a sufficient request by the plaintiff for the purposes of section 4-175. Rulings disposing of petitions have the same status as agency decisions or orders in contested cases." (Emphasis added.)

[3] General Statutes § 20-330 (5) defines heating, piping and cooling work as "the installation, repair, replacement, maintenance or alteration of any apparatus for piping, appliances, devices or accessories for heating systems, excluding sheet metal work; air conditioning and refrigeration systems, boilers, including apparatus and piping for the generation or conveyance of steam and associated pumping equipment, but on and after July 1, 1984, shall not include solar work . . . ."

[4] General Statutes (Rev. to 1987) § 4-175 provides: "The validity or applicability of a regulation or order of any agency may be determined in an action for declaratory judgment brought in the superior court for the judicial district of Hartford-New Britain, if the regulation or order, or its threatened

After the pleadings were closed, confusion as to the nature of the action entered the case. For example, the plaintiff referred to its declaratory judgment action as an administrative appeal. On March 16, 1990, the plaintiff claimed the action to the administrative appeals trial list, yet, in its June 22, 1990 trial brief, the plaintiff stated that it was seeking a declaratory judgment. After the case had been dismissed for the plaintiff's failure to prosecute with due diligence, the plaintiff moved to restore it to the administrative appeals trial list. On January 19, 1993, the trial court stated in its memorandum of decision that "[a]lthough [the plaintiff] now brings this action for a declaratory judgment, *the court treats it as an appeal* from the ruling of the [defendant] board." (Emphasis added.) Following its analysis of the issues, the trial court set the board's declaratory ruling aside and remanded the matter to the board for further proceedings. Despite the court's treatment of the matter, the judgment file refers to the action as seeking a declaratory judgment. This appeal followed.

As a threshold matter, we must address an issue not raised by either party. This court has the inherent authority to identify and decide issues sua sponte where we find noncompliance with a substantive, as opposed to procedural, requirement. *Lo Sacco* v. *Young,* 210 Conn. 503, 508, 555 A.2d 986 (1989). "This court has consistently held that jurisdictional limitations are not waived by a failure to object to the defect, and the court

application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. A declaratory judgment may not be rendered unless the plaintiff has requested the agency to pass upon the validity or applicability of the regulation or order in question, pursuant to section 4-176, and the agency has either so acted or has declined to exercise its discretion thereunder."

General Statutes § 4-175 was completely rewritten by Public Acts 1988, No. 88-317, effective July 1, 1989.

may raise such a jurisdictional defect on its own motion." Id. In this case, the court's treatment of the plaintiff's declaratory judgment action as an adminstrative appeal violated a substantive statutory requirement implicating the trial court's jurisdiction. Accordingly, we address this issue sua sponte and find it dispositive of the appeal.

The version of § 4-176 in effect when this proceeding commenced, which governs this appeal, gave an administrative agency two options upon its receipt of a petition for a declaratory ruling.[5] Significantly, the remedies of a party aggrieved by a declaratory ruling turned on which option the agency chose. Under option one, the agency could have conducted a fact-finding hearing pursuant to §§ 4-177 and 4-178, in which case the remedy for an aggrieved party would have been an administrative appeal pursuant to § 4-183. Under the second option, however, where an agency issues its ruling without holding a hearing, the statute provided that *"the remedy for an aggrieved person shall be an action for a declaratory judgment under § 4-175 . . . ."*[6] (Emphasis added.) General Statutes (Rev. to 1987) § 4-176. Because the board did not hold a hearing in the present case, the exclusive remedy available to the plaintiff was an action for a declaratory judgment under General Statutes (Rev. to 1987) § 4-175. There was no authority for an administrative appeal pursuant to General Statutes § 4-183.

Our conclusion is supported by a decision of the Appellate Session of the Superior Court. In *Shearson*

---

[5] General Statutes (Rev. to 1987) § 4-176 was completely revised by Public Acts 1988, No. 88-317. The new procedure no longer requires a declaratory judgment action, but is not applicable here because the amendment expressly provides that it would take effect July 1, 1989, and be applicable only to proceedings commenced on or after that date. This case was not commenced on or after that date.

[6] See footnote 4.

*American Express, Inc.* v. *Banking Commissioner,* 39 Conn. Sup. 462, 466 A.2d 800 (1983), the plaintiff appealed the trial court's dismissal of its administrative appeal under General Statutes § 4-183 from a declaratory ruling of the banking commission. The plaintiff argued that a party aggrieved by an administrative agency's declaratory ruling had an election to pursue either an administrative appeal under § 4-183 or a declaratory judgment under § 4-175. Id., 463–64. In affirming the trial court's dismissal of the plaintiff's appeal, the court held that a declaratory judgment action was the exclusive remedy in such a situation. Id., 466.

Under the reasoning of the *Shearson* decision, the trial court would have had no jursidiction to hear an administrative appeal in the first instance, and it cannot confer jurisdiction on itself by converting the statutorily required declaratory action into an administrative appeal. It is axiomatic that administrative appeals exist only under statutory authority; *Charles Holdings, Ltd.* v. *Planning & Zoning Board of Appeals,* 208 Conn. 476, 479, 544 A.2d 663 (1988); and the parties cannot confer jurisdiction on the court by agreement. *Castro* v. *Viera,* 207 Conn. 420, 429–30, 541 A.2d 1216 (1988).

Administrative appeals are limited by § 4-183 to agency decisions or orders in contested cases. Furthermore, judicial review of an administrative agency's decision is confined to the record; General Statutes § 4-183 (f); *Billings* v. *Commission on Human Rights & Opportunities,* 18 Conn. App. 241, 244, 557 A.2d 147 (1989); whereas declaratory judgment actions require an evidentiary hearing.[7] The record in this case indicates that the requisite evidentiary hearing was not held. Finally, although a remand to the agency is

_____

[7] Under Practice Book § 391 (f), "[i]ssues of fact necessary to the determination of the [declaratory judgment] may be submitted to the jury as in other actions."

explicitly provided for by statute in an administrative appeal; General Statutes § 4-183 (g); *Gervasoni* v. *McGrath,* 36 Conn. Sup. 297, 301, 418 A.2d 952 (1980); such disposition is not permissible in a declaratory judgment action. See Practice Book §§ 389 through 394.

We conclude that the trial court was without jurisdiction to treat this matter as an administrative appeal and to remand it to the board.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.