[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue raised is whether this court lacks subject matter jurisdiction of the plaintiff's appeal. This court answers in the affirmative.
The relevant facts are not in dispute. The plaintiff, Newington Children's Hospital, appealed decisions by the defendant, Commission on Hospitals and Health Care (CHHC), regarding the hospital's budget for the 1944 fiscal year. The commission is charged by the legislature to regulate Connecticut hospital's budgets. The budgets in this action were calculated pursuant to the formulas in Public Act 93-229. Public Act 93-229 provides for formulas to be calculated using CT Page 1373 a hospital's prior year budget as a base starting point in calculating the next year's budget.
The commission calculated the 1944 budget for Newington Children's Hospital and issued separate decisions on July 15, 1993, September 30, 1993, and October 7, 1993. The decisions implemented the authorized budget for fiscal year 1994 pursuant to Public Act 93-229, which became effective October 1, 1993. The plaintiff appealed on November 12, 1993, citing General Statutes § 19-158 and § 4-183 as authority for its appeal.
Defendant CHHC filed its motion to dismiss on January 31, 1994. CHHC contends that its decisions were not "final decisions" as required by General Statutes § 4-183 for an appeal of an administrative agency decision to the Superior Court. CHHC posits that under the Uniform Administrative Procedure Act (UAPA), there must be a final decision and because there was no final decision, the appeal must be dismissed. The defendant further claims that a final decision is defined as an agency determination of a contested case. It claims that a contested case is a case in which an agency is required to hold a hearing. The defendant further argues that because the UAPA does not provide for a hearing for any of the issues in this case, its decisions are not final decisions, and therefore the appeal should be dismissed.
The plaintiff hospital counters that General Statutes § 19-158 allows appeals from a CHHC decision. The plaintiff further argues that § 19a-158 requires only that the appellant be aggrieved by a final decision of the agency. The plaintiff agrees that a final decision must be issued in order to appeal the decision, but it claims that General Statutes § 19a-167
through § 19a-167g specifically allows for this appeal. The plaintiff further asserts that policy reasons permit the Superior Court to have jurisdiction over the appeal.
Authority for judicial review of an administrative decision is statutory. Summit Hydropower v. Comm'r. ofEnvironmental, 226 Conn. 792, 799, 629 A.2d 367 (1993);October Twenty-Four, Inc. v. Planning and Zoning Comm.,35 Conn. App. 599, 608, ___ A.2d ___ (1944). If the legislature has not created statutory authority for an appeal from an administrative agency, then the superior court does not have jurisdiction to hear the appeal. Killingly v. ConnecticutCT Page 1374Sitting Council, 220 Conn. 516, 522, 600 A.2d 752 (1991). The legislature has not authorized a right of appeal to the superior court from every determination of an administrative agency. New England Dairies, Inc. v. Comm'r. of Agriculture,221 Conn. 442, 427, 604 A.2d 810 (1992). Judicial review of administrative agency decisions are granted only in certain delineated circumstances. Lewis v. Gaming Policy Board,224 Conn. 693, 700, 620 A.2d 780 (1993).
General Statutes § 19a-158 specifically authorizes appeals from CHHC decisions by any hospital or health care facility.Connecticut Business and Industries Assn. v. Commission onHospitals and Health Care, 214 Conn. 726, 727, 573 A.2d 736
(1990). General Statutes § 19a-158 provides that "[a]ny health care facility . . . aggrieved by any final decision of said commission . . . may appeal therefrom in accordance with the provisions of section 4-183 . . . ." "Administrative appeals are limited by 4-183 to agency decisions or orders in contested cases." Ratick Combustion v. State Heating, Piping,and Cooling Work Examining Board, 34 Conn. App. 123, 128,640 A.2d 152 (1994).[1] A contested decision is defined for purposes of General Statutes § 4-183 in General Statutes § 4-166
as proceedings which an agency is required by statute to provide an opportunity for a hearing. Summit Hydropower v.Comm'r. of Environmental, 226 Conn. 792, 629 A.2d 367 (1993).
The plaintiff argues that the provisions in General Statutes § 4-166 do not apply to its situation. The plaintiff claims that it can raise this appeal under General Statutes § 19a-158 simply because it is an aggrieved party. Otherwise, the plaintiff argues that it would never be able to appeal a CHHC decision.
The fact that the legislature provided some right to appeal, see General Statutes §§ 19a-167c(c) and 19a-167e(c), demonstrates that the legislature contemplated limited situations by which the plaintiff could have a hearing. The appeal which the plaintiff seeks herein requires that a hearing be first conducted before the CHHC. Because no hearing was either required or held, this appeal cannot be raised as a contested case either under § 19a-167c(c), supra, or § 4-183, supra.
None of the statutory criteria for a mandatory hearing apply to the plaintiff's situation. Because the CHHC was not CT Page 1375 required to hold a hearing, a contested case never surfaced to trigger the rights of an appeal under §§ 19a-158, 4-183, supra.
There being no final decision from which the plaintiff could appeal, the defendant's motion to dismiss the appeal is hereby granted.