[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff, Miller's Pond Company, LLC, appeals from the decision of the defendant, Arthur J. Rocque, Commissioner of the Department of Environmental Protection, denying the plaintiff's application for a permit to divert water and to remove gravel from Miller Pond.
On November 5, 1998, the plaintiff filed an application with the Department of Environmental Protection (DEP) for a permit to divert water and to remove gravel from Miller Pond, pursuant to the Connecticut Water Diversion Policy Act, General Statutes §§ 22a-365 to 22a-378, inclusive.[1] (Petition for Administrative Appeal.) General Statutes § 22a-369 lists the information an applicant is required to submit in applying for a water diversion permit. On September 3, 1999, the plaintiff filed a mandamus action seeking to compel the DEP to process its application. (Plaintiff's Revised Brief, p. 7.) To date, this action is still pending. On October 20, 1999, the DEP issued a rejection notice stating that the plaintiff's application is "insufficient for processing and is hereby rejected pursuant to section 22a-3a-2 (e) of the Regulations of Connecticut State Agencies [(RCSA)]." (Return of Record [ROR], Item 18.) The record is devoid of any evidence that a hearing was noticed or conducted. The plaintiff appealed to the Superior Court from the DEP's rejection notice by filing a petition on December 1, 1999. (Petition for Administrative Appeal.) The record was filed on January 27, 2000. The plaintiff filed a brief in support of the appeal, supplemented with a reply brief on September 5, 2000, and October 26, CT Page 4773 2000, respectively. (Plaintiff's Revised Brief; Plaintiff's Reply Brief.) The DEP filed a brief in response on October 6, 2000. (Brief of the Commissioner of Environmental Protection.) The court heard oral arguments on December 22, 2000.
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act [(General Statutes, c. 54, §§ 4-166 through 4-189),] and the scope of that review is very restricted." Ellam v. Commissioner of Motor Vehicles, 47 Conn. App. 509,513, 704 A.2d 257 (1998). "There is no absolute right [to] appeal to the [Superior Court] from a decision of an administrative agency." Town ofFairfield v. Connecticut Siting Council, 238 Conn. 361, 368, 679 A.2d 354
(1996). "Judicial review of an administrative decision is a creature of statute [and in Connecticut is governed by General Statutes § 4-183]."Summit Hydropower Partnership v. Commissioner of EnvironmentalProtection, 226 Conn. 792, 799, 629 A.2d 367 (1993). "The appeal provisions of the statute are jurisdictional in nature, and, if not complied with, render the appeal petition subject to dismissal."Basilicato v. Department of Public Utility Control, 197 Conn. 320, 324,497 A.2d 48 (1985). "[T]he parties cannot confer jurisdiction on the court by agreement." Ratick Combustion, Inc. v. State Heating, Piping,and Cooling Work Examining Board, 34 Conn. App. 123, 128, 640 A.2d 152
(1994). "The court must fully resolve [any jurisdictional question before considering the merits of the appeal.]" Castro v. Viera, 207 Conn. 420,429, 541 A.2d 1216 (1988). "[W]here a decision as to whether a court has subject matter jurisdiction is required, however, every presumption favoring jurisdiction should be indulged." Killingly v. ConnecticutSiting Council, 220 Conn. 516, 522, 600 A.2d 752 (1991).
"[I]n order to have standing to bring an administrative appeal, a person or entity must be aggrieved." New England Rehabilitation Hospitalv. Commission on Hospitals Health Care, 226 Conn. 105, 120, 627 A.2d 1257
(1993). "Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal." Id. General Statutes § 4-183 (a) provides that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court. . . ." Section 4-166 (3) defines the term "final decision" as "(A) the agency determination in a contested case, (B) a declaratory ruling issued by an agency pursuant to section 4-176 or (C) an agency decision made after reconsideration. The term does notinclude a preliminary or intermediate ruling or order of an agency, or a ruling of an agency granting or denying a petition for reconsideration." (Emphasis added.) The term "contested case" is further defined in §4-166 (2) as "a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an CT Page 4774 agency after an opportunity for a hearing or in which a hearing is in fact held, but does not include proceedings on a petition for a declaratory ruling under section 4-176 or hearings referred to in section4-168." "The test for determining contested case status . . . requires an inquiry into three criteria: "(1) whether a legal right, duty or privilege is at issue, (2) and is statutorily required to be determined by the agency, (3) through an opportunity for [a] hearing or in which a hearing is in fact held." Summit Hydropower Partnership v. Commissionerof Environmental Protection, supra, 226 Conn. 800-01. The legal right or privilege at issue here is the plaintiff's right or privilege to obtain a permit for water diversion and graveling operations from the DEP. The October 20, 1999, rejection notice, however, did not adjudicate that right. It indicated that the application, as submitted by the plaintiff, was insufficient and could not be processed because it did not contain information required by agency regulations. Even if the plaintiff had a legal right or privilege to a determination that its application is complete, the plaintiff does not have a right to appeal unless the DEP was statutorily required to make such a determination following a hearing or an opportunity for a hearing.
General Statutes § 22a-369, the provision pursuant to which the plaintiff applied to the DEP, provides that "[t]he applicant shall submit an application on such form as the commissioner may prescribe and with such information as the commissioner deems necessary to fulfill the purposes of sections 22a-365 to 22a-378, inclusive, including but notlimited to. . . ." (Emphasis added.) The statute then provides a list of information that an applicant is required to submit in the application. Further, § 22a-371 provides that "[i]f the commissioner finds that an application is complete, he shall notify the applicant. . . . The commissioner shall also notify the applicant of the time, date and location of any public hearing to be held on the application." Subsection (f) further provides that "[t]he commissioner shall hold a public hearingbefore approving or denying an application. . . ." Neither of these provisions requires the commissioner to hold a hearing on the matter of whether an application is complete. Rather, these provisions indicate that the determination is within the commissioner's discretion. Similarly, the regulation relied on by the commissioner to reject the application, RCSA § 22a-3a-2 (e), does not require that a hearing be conducted prior to the commissioner's rejection of an application or petition as insufficient.[2] Therefore, because the defendant was not statutorily required to conduct a hearing prior to making a determination that the application was complete, this is not a contested case. Accordingly, as the rejection notice was not issued in a contested case, there is no final decision, as defined in § 4-166 (3), from which the plaintiff can appeal. CT Page 4775
The plaintiff also fails to demonstrate that it has exhausted all remedies available within the agency. "It is a settled principle of administrative law that, if an adequate remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v. Ervin,234 Conn. 498, 503, 661 A.2d 1018 (1995). "The doctrines of finality and exhaustion of administrative remedies are designed to prevent piecemeal appeals of a litigant's claims before an administrative agency. . . ." (Citations omitted; internal quotation marks omitted.) Connecticut Bank Trust Co. v. Commission on Human Rights Opportunities, 202 Conn. 150,155, 520 A.2d 186 (1987). "The two part rationale for the exhaustion doctrine is: (1) to effectuate the legislative intent that the issue in question be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgement . . . and (2) to relieve the courts of the burden of prematurely deciding questions that may be resolved satisfactorily though the administrative process." (Citations omitted; internal quotation marks omitted.) Loulis v. Parrott, 241 Conn. 180, 191,695 A.2d 1040 (1997). "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which the reviewing court will have the benefit of the agency's findings and conclusions. . . . Most important, a favorable outcome will render review by the court unnecessary as the United States Supreme Court has noted: A complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene. McKart v. United States, 395 U.S. 185, 195, 89 S.Ct. 1657,23 L.Ed.2d 194 (1969)." Manafort Bros. v. Connecticut Commission on HumanRights Opportunities, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 575016 (January 21, 1998, DiPentima, J.) (21 Conn.L.Rptr. 237, 238) "Where a final decision has not been rendered, the court lacks subject matter jurisdiction to hear the appeal." Boris v. Lobster, Superior Court, judicial district of New London at New London, Docket No. 547637 (April 6, 1999, Mihalakos, J.) Here, the plaintiff has failed to show that it has exhausted all administrative remedies available. The October 20, 1999, rejection notice provides that "[t]his rejection does not prejudice you from filing a new application in which the above insufficiencies have been corrected." (ROR, Item 18, p. 2.) The rejection notice indicates that the plaintiff's application has not been adjudicated on the merits and provides that the plaintiff can submit an new application reflecting the corrections. Therefore, the plaintiff has yet to have its application processed and its rights adjudicated through the administrative process of the DEP. Accordingly, the plaintiff also fails to satisfy the exhaustion requirement of §4-183(a). CT Page 4776
In the alternative, General Statutes § 4-183 (b) provides that "[a] person may appeal a preliminary, procedural, or intermediate agency action or ruling to the Superior court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy.[3]" "Section 4-183 (b) reflects the principle that exhaustion of administrative agencies [and remedies are] required except in exceptional circumstances." Doe v. Department of Public Health,52 Conn. App. 513, 519, 727 A.2d 260, cert. denied, 249 Conn. 908,733 A.2d 225 (1999). The Connecticut Supreme Court has "recognized such exceptions only infrequently and only for narrowly defined purposes.[4]"Pet v. Department of Health Services, 207 Conn. 346, 353, 542 A.2d 672
(1988). The plaintiff satisfies the first prong of the test, in that it would be qualified to appeal from the final decision of the DEP denying its application for a water diversion permit and graveling operations.Manafort Bros. v. Connecticut Commission on Human Rights Opportunities, supra, 21 Conn.L.Rptr. 238. The second prong of the test requires the plaintiff to show that "it would be harmed by the disputed preliminary rulings even if it were ultimately to prevail in an appeal of the [DEP's] final decision." Office of Consumer Counsel v. Department ofPublic Utility Control, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 527909 (December 20, 1993, Maloney, J.) (10 Conn.L.Rptr. 509, 510.) "In other words, the plaintiff must demonstrate that review of these issues after a final [DEP] decision would be [futile or] an inadequate remedy." Manafort Bros. v. Commissionon Human Rights Opportunities, supra, 21 Conn.L.Rptr. 238. "An administrative remedy is futile or inadequate if the agency is without authority to grant the relief requested." Fish Unlimited v. NortheastUtilities Service Co., 254 Conn. 1, 14, 756 A.2d 262 (2000). "[T]he failure to exhaust an administrative remedy is permissible only when the administrative remedy would be useless." Concerned Citizens of Sterlingv. Sterling, 204 Conn. 551, 560, 529 A.2d 666 (1987). The plaintiff alleges that it would suffer further prejudice if the DEP is not ordered to process its application. "Prejudice is not a factor to be considered under the second prong of § 4-183 (b). . . ." Manafort Bros. v.Connecticut Commission on Human Rights Opportunities, supra,21 Conn.L.Rptr. 238. The plaintiff fails to demonstrate how submitting a new application with the information required by the DEP and postponing the appeal until a final decision on the merits is rendered by the DEP, would be futile or an inadequate remedy. The DEP stated in the rejection notice that once the plaintiff corrects the insufficiency, it can submit a new application for processing. (ROR, Item 18, p. 2.) In addition, the DEP advised the plaintiff of other "substantive problems with the proposal" that should be addressed in a new application. (ROR, Item 18, p. 2.) "[T]he Appellate Court [has] recognized that if the agency is capable of CT Page 4777 providing an adequate remedy because completing the administrative proceeding could provide the plaintiff with complete vindication, an immediate appeal to the court is unwarranted." Commission on Human Rights Opportunities v. Commission on Human Rights Opportunities, Superior Court, judicial district of New Britain, Docket No. 496001 (November 10, 1999, McWeeney, J.) The plaintiff also alleges that it cannot force another party to join its application. However, the plaintiff has failed to demonstrate that it has attempted to join the party required by the DEP or that the party would not join its application. Therefore, the plaintiff has failed to satisfy the requirements of § 4-183 (b) and demonstrate that the postponement of the appeal would result in an inadequate remedy.
As the plaintiff has failed to satisfy the requirements of General Statutes § 4-183 (a) or (b), this court lacks subject matter jurisdiction to hear the appeal. Accordingly, the appeal is dismissed.
OWENS, J.